PONDER, Judge.
This is a suit for damages caused by alleged defects in the construction of a bulkhead. The defendant appealed from a judgment awarding the full amount demanded.
*1176 The issues before this court are the sufficiency of proof, the lower court’s failure to find mutual mistake in confecting the contract and the amount of the award.
We affirm.
Plaintiff, who is in the seafood business, entered into an oral building contract with defendant for the construction and backfill-ing of a bulkhead. The backfilling was being done by using mud from the adjacent bayou, an operation that might require several months because considerable time for drying and compaction was required between installments of backfilling.
After the backfill operation was partially completed, the parties fell into disagreement. Plaintiff insisted that the backfill-ing be completed promptly, because the area was needed shortly for business operations. Defendant replied that it was not possible, because of the time required for drying and compaction.
Plaintiff then paid defendant the full amount of the contract and engaged someone else to do the backfilling with dry dirt. Shortly after this was commenced, the bulkhead began to give way. Plaintiff thereupon made demand on defendant to correct the work. When defendant did not respond satisfactorily, plaintiff contracted with another company, which corrected the bulkhead. The backfilling was then done. Plaintiff filed suit for the cost of correction and of the backfilling.
Plaintiff contends that the parties understood the construction and backfilling of the bulkhead was to be completed expeditiously, due to the seasonal nature of plaintiff’s business. Defendant asserts the understanding was that the backfilling would take several months to complete.
The trial court found that the parties understood the property would be needed by plaintiff as soon as possible, and therefore the backfill operation would have to be completed quickly. There is ample evidence to support this finding. Mr. Melvin Benoit, President of Sea Tang, testified that Dupre Brothers was well aware that plaintiff was in the shrimp business; and that they discussed the necessity of completing the project before the shrimp season began so that a freezer could be built on the property. While there is testimony to the contrary, we can not say that the lower court committed manifest error in accepting plaintiff’s version. Billiot v. Bourg, La., 338 So.2d 1148 (1976); Canter v. Koehring, La., 283 So.2d 716 (1973).
The trial judge also found that the bulkhead was not constructed in a manner that would permit a continuous backfilling operation. This finding was based on a reasonable evaluation of credibility.
Civil Code Article 2769 reads as follows: “If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
It is implicit in every building contract that the work of the builder be performed in a good workmanlike manner, free from defects in both material and workmanship. Neel v. O’Quinn, 313 So.2d 286 (La.App. 3rd Cir. 1975). The owner seeking to recover from the contractor must prove both the existence and nature of the defects due to faulty workmanship or materials and the cost of repairs. Nichols Ford Company, Inc. v. Hughes, 292 So.2d 345 (La.App. 2nd Cir. 1974).
On the basis of the understanding between the parties, as found by the trial court, the bulkhead was defective because it was unable to withstand the backfilling operations even with dry materials.
Defendant claims the trial court erred in failing to apply the law of mutual mistake on the basis there was a misunderstanding as to when the work was to be completed. Mutual error by the parties, when proved, is a ground for avoiding a contract. However, the trial court specifically found there was no misunderstanding. This finding of fact, since it is supported by some evidence in the record, is not manifestly erroneous.
*1177 The evidence supports the award of damages as being the true cost of repairing the defects. The exhibits and the testimony show that plaintiff was billed for and paid a total of $9,768.23 for the repairs and the backfilling.
Defendant contends in its brief that plaintiff failed to minimize the cost of repair. Less expensive repair methods were not proved to the satisfaction of the lower court. We find no manifest error. The judgment for the full amount of the repairs was therefore proper.
The judgment of the trial court is affirmed; defendant is cast with all costs.
AFFIRMED.