PONDER, Judge.
This is a personal injury suit. Plaintiff has appealed the dismissal.
The only issue is the alleged manifest error in finding that plaintiff failed to prove his case.
We affirm.
Plaintiff, while a prisoner in jail, was beating on the steel wall of his cell and screaming. The judge holding court on the lower floor complained of the disruption. After the deputies made several unsuccessful efforts to quieten the plaintiff, the judge ordered the deputies to do whatever was necessary to stop the noise.
Plaintiff’s version is that several deputies, after beating and kicking him, chained him to his cell window. He neither provoked nor resisted the deputies. Three fellow inmates called as plaintiff’s witnesses corroborated plaintiff’s story of mistreatment but had major differences not only among themselves but also with plaintiff.
The deputies and former deputies, witnesses for the defense, testified that plaintiff was handcuffed to the bars of his cell window without any mistreatment or undue difficulty. Although there were some variances in their accounts, each stated positively that he neither struck plaintiff nor saw him struck by any other deputy.
The trial judge said that plaintiff’s witnesses had been completely discredited because of the inconsistencies among themselves and with plaintiff. The case therefore depended on plaintiff’s credibility as opposed to that of the deputies. He held that plaintiff failed to prove his case by a preponderance of the evidence. We cannot say that he committed manifest error. Canter v. Koehring, La., 283 So.2d 716 (1973); Billiot v. Bourg, La., 338 So.2d 1148 (1976).
The judgment is therefore affirmed; appellant is cast with all costs.
AFFIRMED.