PONDER, Judge.
This is a suit for rental of a tractor and for damages for necessary repairs. The trial court granted the rental but rejected the cost of repairs. Plaintiff appealed.
The only issue is whether the trial court committed manifest error in finding that plaintiff had not proved the damages by a preponderance of the evidence.
We affirm.
Plaintiff orally rented a tractor to defendant, who used it for several hours before it developed a problem in the fuel system and stopped. After plaintiff and his mechanic came to defendant’s place and remedies the problem, the mechanic noticed that the clutch could not be adjusted properly. An internal inspection conducted at plaintiff’s place either one of two days later revealed extensive damage to the clutch plate.
The trial judge concluded that the plaintiff had not shown by a preponderance of the evidence that the clutch was damaged by the negligent and abusive operation of the defendant. In order to secure a reversal, plaintiff must show there is no credible evidence in the record to support the conclusion. Canter v. Koehring, La., 283 So.2d 716 (1973).
Plaintiff testified that the tractor had been used for two days prior to its rental to defendant without indication of clutch malfunction; defendant testified that it was used by him and his son for about three hours without problem.
The expert mechanic said the clutch was torn apart, not burned out. This damage could occur only by suddenly engaging the clutch while pulling the tractor, or by attempting to pull the tractor with its own power after it had become stuck. He testified he saw two sets of tire marks at defendant’s place one from a truck and another from a tractor.
Defendant, however, testified that although he and his son pulled the tractor from the field after it stopped, he did not “pop” the clutch or do anything else that could be considered harmful to the clutch.
When the evidence is conflicting, the trial court must make a determination as to credibility. We can not say the determination made here was unreasonable.
Plaintiff claims the trial court applied an incorrect burden of proof, citing U-Drive-It, Inc. v. Ernst, 23 So.2d 665 (Orl.La.App.1945). We find the case inapplicable because defendant there had acknowledged receipt of the car in good condition and agreed to return it in like condition. Plaintiff sued him for breach of contract.
In the present'case, plaintiff has affirmatively alleged negligent and abusive use. The trial court required him to prove the case he alleged.
We cannot say the court was manifestly erroneous in finding that plaintiff had not *1270 borne his burden of proof. Billiot v. Bourg, La., 338 So.2d 1148 (1976).
The judgment of the trial court is affirmed; plaintiff is cast with the costs of this appeal.
AFFIRMED.