BARRY, Judge.
Plaintiff appeals a judgment which found her contributorily negligent in a vehicular accident.
The accident occurred on a dry, clear afternoon when plaintiff, Mrs. Diane De-lery, exited a shopping center parking lot onto Touro Street, a two-way, undivided street, and was moving in a southerly direction. The defendant, Marvin J. Schneider, was driving a truck owned by his employer and proceeding on Touro in a northerly direction. Plaintiff realized there was insufficient space for the two vehicles to *858 pass and attempted to pull into an open spot on her side of the street, blew her horn, and stopped on an angle with the front of her car partially into the parking space. In the next moment the left rear of the truck struck the left rear of plaintiff’s vehicle.
Plaintiff sued for neck, back, and dental injuries, plus medical expenses and property damage. Defendants are the driver, his employer Owens Country Sausage, Inc., and its liability insurer, Employer’s Casualty Company. Testimony was heard on March 6 and March 20,1980 and the case held open for 10 days to allow the employer time to locate its driver, but to no avail. On May 6, 1980 the Trial Judge dismissed the lawsuit after pretermitting the truck driver’s negligence and found plaintiff was contributorily negligent because:
“Her vehicle, according to the testimony, was not entirely on the lane of traffic in which she would have been traveling had she not attempted to move from it, hence the truck collided with the left rear end of the Van.”
Plaintiff argues the evidence does not support a holding of negligence and points to the reasons for judgment which specify she was driving a van whereas the record shows it was an Audi. She stresses the difference is important because a van is longer and more likely to protrude into defendant’s path. She also points to the court’s reasons which state she blew her horn before leaving the parking lot whereas her testimony was that she blew the horn after entering the street and just moments before she realized the truck was about to hit her vehicle.
Defendant counters that the judgment was proper even if some individual findings of fact were incorrect. Defendant says plaintiff knew the truck was large and moving in her direction and that the street was too narrow for her to enter, but despite this knowledge she pulled into the street when the truck was less than a block away and the truck driver had only seconds to react. Defendant argues plaintiff should have waited in the parking lot until the truck passed and it is contributory negligence for a person to leave a position of safety and proceed to a place of known or expected danger where an accident takes place. Defendant submits the trial court’s finding was reasonably supported by the record and should not be reversed unless there is a showing that “there was no credible evidence in the record to support the conclusion.” Lamonte v. Mason, 345 So.2d 1268 (La.App. 1st Cir. 1977) at p. 1269.
LIABILITY
Plaintiff and the investigating officer were the only two fact witnesses. The officer was qualified as a reconstruction expert and he emphatically testified the collision occurred on plaintiff’s side of the street. Plaintiff testified she safely entered the street and was driving in her lane when she realized there was insufficient room for the two vehicles to pass whereupon she pulled over as far as she Could and stopped. She asserts she was at a complete stop for two or three seconds before the truck struck the left , rear of her vehicle on her side of the street.
Defendants had the burden of proving Mrs. Delery’s negligence/contributory negligence. In Dupas v. City of New Orleans, 354 So.2d 1311 (La.1978), Justice Tate quoting from Smolinski v. Taulli, 276 So.2d 286, at 290 (La.1973) summarized:
“ ‘Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection. The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under like circumstances. The party relying upon contributory negligence has the burden of proving it.
“ ‘Failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight does not constitute negligence or contributory negligence ... (The victim) is required only to use reasonable precautions, and (his) conduct in this regard is not negligent if, by a common-sense test, it is in accord with that of reasonably prudent *859 persons faced with similar conditions and circumstances.’ ”
We feel plaintiff’s uncontradicted testimony shows she did all that a reasonable and prudent person could do and her entry onto Touro Street did not cause or contribute to the accident. There is no evidentiary basis to support the factual finding that plaintiff’s vehicle protruded into defendant’s traffic lane before or at the time of impact and her conservative actions prior to the collision did not constitute negligence. Mrs. Delery’s testimony is buttressed by the only unbiased witness, the police officer, who unequivocally stated the impact occurred on plaintiff’s side of the street.
We find nothing in the record, and hence no reasonable basis, to support the finding that plaintiff was contributorily negligent and the lower court judgment to the contrary was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The truck driver knew Touro Street was narrow, did not slow down, was in the wrong lane and had to see the oncoming vehicle, yet did nothing to avoid the collision. We conclude the truck driver’s negligence was the sole cause of the accident.
DAMAGES
Mrs. Delery testified that following the accident on December 21, 1976 she couldn’t remember getting out of the car and wasn’t aware of her injuries except for oral bleeding. The following day she was “stiff”, had pain and restricted movement, and consulted Dr. H. E. Braden on December 23. She complained of neck and back pains, loose teeth and pain in her gums. Dr. Braden found acute cervical and moderately severe thoracic spine sprain with restriction of motion and pain. X-rays were negative for fracture. Dr. Braden’s diagnosis was a moderately severe “classic whiplash” soft tissue injury.
Treatment consisted of physiotherapy, moist heat, muscle relaxants, fiorinal with codeine and aspirin. Mrs. Delery received 31 physiotherapy treatments beginning December 23 until her discharge March 22, 1977 at which time her condition improved and the spasm had subsided.
Dr. Philip Sunseri, plaintiff’s family dentist, testified he examined her two months before the accident and her teeth were in good condition. He saw her one day after the accident and found several cracked, fractured, broken cusps and her mouth was sore with bruises and cuts on her upper lip and inside her mouth. Mrs. Delery required eleven palliative therapy treatments consisting of antibiotics, pain pills and emolient in her gums and cheeks. Dr. Sunseri’s treatment required 30 visits spanning approximately seven months and included four extractions, gold restorations and gold bridges.
There is no testimony which contradicts plaintiff’s evidence regarding her neck and back injuries. However, defendants strongly contest plaintiff’s teeth damage resulted from the accident.
Mrs. Delery testified that prior to the accident she never had a permanent tooth pulled and never experienced dental problems. Dr. Sunseri presented x-rays taken on December 22 to identify the damaged areas, but on cross-examination he admitted one x-ray was missing and that another did not belong to Mrs. Delery.
Defendant called two dental experts who examined the x-rays and stated they showed no evidence of fracture, breaks or cusps missing. Other x-rays taken by Dr. Sunseri in 1970 indicated that two x-rays allegedly taken after the accident may not be of Mrs. Delery’s mouth. Based upon the trauma x-rays one expert stated he saw “no causal relationship between the accident and the work that was placed in the mouth” and that a whiplash injury is not compatible with the alleged mouth damage.
Plaintiff countered with a dental radiology expert who said that “most” of the time oral injuries do not appear on x-ray and x-rays are insufficient to make a diagnosis without examining the patient.
It is clear that Dr. Sunseri’s records caused confusion as to some of his testimony. But there was no evidence which ne *860 gated plaintiff’s testimony of the trauma or that the dental work was not performed. Defendant’s experts were not the treating dentists and neither one examined the plaintiff — their testimony was limited to a review of Dr. Sunseri’s x-rays (including those possibly not of plaintiff’s mouth).
It would be unfair to penalize this plaintiff for the faulty record keeping of her dentist. We are satisfied that plaintiff had no dental problem prior to this accident and that her painful oral injuries and protracted work resulted from the collision.
We itemize plaintiff’s award as follows:
Injuries:
Neck and back $ 6,000.00
Oral 10,000.00
Medical:
Dr. Henry E. Braden III 525.00
Dr. Philip P. Sunseri 4,275.00
$20,800.00
There was no evidence of automobile damage because the estimator did not testify and the car was not repaired, hence no award.
DECREE
The judgment of the Trial Court is reversed, and IT IS NOW ORDERED that judgment be rendered in favor of Mr. and Mrs. Carl Delery and against Marvin J. Schneider, Owens Country Sausage, Inc., and Employer’s Casualty Company in the amount of $20,800.00, with legal interest from the date of judicial demand, and all costs of these proceedings in both courts.
REVERSED AND RENDERED.