490 So.2d 788 (1986)
Earl J. BOULLION, Jr., et ux, Plaintiffs-Appellants,
v.
Errol "Romo" ROMERO-Sheriff, et al., Defendants-Appellees.
No. 85-839.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Charles Hutchens, and Michael D. Skinner, for plaintiff-appellant.
John C. Holleman, Gibbens & Blackwell, John Blackwell, New Iberia, for defendant-appellee.
Before LABORDE and KING, JJ., and PAVY[*], J. Pro Tem.
LABORDE, Judge.
Plaintiffs-appellants, Mr. and Mrs. Earl J. Boullion, Jr., brought suit against Errol "Romo" Romero, Sheriff of the Parish of Iberia, and the Iberia Parish Police Jury, for damages allegedly received as a result of a slip and fall suffered by Mr. Boullion in a shower facility in the Iberia Parish Jail. Plaintiffs amended their petition to add as defendants American Druggists' Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA, the insurers of Sheriff Romero and the Iberia Parish Police Jury, respectively.
Plaintiffs' theories of negligence and strict liability were rejected by the trial court. The trial court found that plaintiffs *789 had failed to carry their burden of proving that an accident had even occurred; furthermore, that even if the accident had occurred, that Mr. Boullion was negligent to such a degree as to bar recovery. The trial court also found that plaintiffs had failed to prove that there was a defect or condition of ruin in the jail which presented an unreasonable risk of harm so as to warrant the imposition of strict liability. We affirm.
The only ostensible "witness" to the accident, Mr. Boullion, testified that, as he returned to his cell after showering, he slipped and fell on the wet floor of the shower area. The jarring fall, plaintiffs claim, injured Mr. Boullion's back which eventually required a disc fusion and laminectomy at L-5-S-1. Plaintiffs further claim that the injury has so limited Mr. Boullion's activities as to entitle Mrs. Boullion to damages for loss of consortium pursuant to La.C.C. art. 2315(B).
Plaintiffs have specified three errors allegedly committed by the trial court. The first and dispositive question is whether the trial judge erred in finding that plaintiffs had failed to prove the occurrence of a slip and fall. We find no clear error in the trial court's rejection of Mr. Boullion's testimony and consequent acceptance of defendants' witnesses' testimony.
The defendants elicited testimony from Messrs. Sammy Lewis and Gilbert Folks, cell mates of Mr. Boullion at the time of the alleged accident. Each witness unequivocally testified that Mr. Boullion vaunted his plan to stage a slip and fall in order to visit his wife. The witnesses noted that on the morning of the accident, the Fourth of July, Mr. Boullion reiterated his scheme to fake an accident in order to visit his family at the hospital. (The plan, in this regard, workedthe family visited Mr. Boullion at the hospital for a couple of hours.) Other witnesses merely testified that they saw Mr. Boullion on the floor of the shower area after the alleged fall.
As an appellate court, it is most difficult for us to judge the credibility of the witnesses simply by reading the cold record. The trial court is in a far superior position to make this judgment as it observes the demeanor of the witnesses. The trial court can note first-hand the facial expressions, the tone of the voice, the posture, the eye contact, and the innumerable other factors which are indicative of a person's truthfulness as he testifies. When, as here, the evidence is conflicting, an appellate court should not disturb the trier of fact's reasonable evaluation of one set of witnesses as credible, and its consequent rejection of the testimony of the opposing set of witnesses; nor should we disturb the trier of fact's reasonable factual inferences drawn from such testimony found by it to be credible. Billiot v. Bourg, 338 So.2d 1148, 1152 (La.1976). The trial judge was confronted with conflicting testimony. We find no manifest error in his evaluation and reasoning. Mr. Boullion did not accidentally slip and fall in the Iberia Parish Jail; therefore, he is not entitled to damages. This finding makes plaintiffs' other specifications of error moot.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are cast to plaintiffs.
AFFIRMED.
NOTES
[*] Judge H. Garland Pavy of the Twenty-Seventh Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.