PLOTKIN, Judge.
THE FACTS
On April 21, 1986, Kenneth and Guadalupe Morse boarded the BAYOU JEAN LAFITTE for a five hour cruise on the Mississippi River and adjacent waterways. During the cruise, the Mr. and Mrs. Morse consumed a number of alcoholic drinks. As the boat was returning to the Port of New Orleans, Guadalupe Morse fell over the railing from the top deck. Her fall was broken when she became entangled in a cable and landed on the bumper, approximately nineteen feet below the top deck.
Guadalupe Morse suffered a displaced fracture of the femur. She underwent surgery which inserted an intermedullary rod through the femur. Two and a half years later she had a second operation to remove the rod. Mrs. Morse also suffered injury to her teeth. Her front incisor was knocked out by the fall and had to be replaced by a bridge. The adjacent tooth required repeated root canal procedures. Since the thigh surgery left a permanent scar and the bridge affected her smile, Guadalupe Morse abandoned her hoped-for career as a model.
The railings on the BAYOU JEAN LAFITTE were 39½ inches high. The Coast Guard required that railings on such vessels, categorized as Subchapter T vessels, be 42 inches high. Subpart 177.35-1(C).
Three witnesses testified that Guadalupe Morse was sitting on top of the rail, although she and her husband testified that she was leaning against it. Several witnesses testified that Mrs. Morse had a number of drinks during the course of the cruise. She admitted to drinking three or four glasses of wine. Testimony is disputed as to whether she had taken a valium that morning. One young witness said she thought the group might have been smoking marijuana.
The jury found the New Orleans Steamboat Company to be 35% at fault, and Guadalupe Morse 65% at fault, and found that the negligence of both parties was a legal cause of the injuries of Mrs. Morse. The jury found $50,000 as the total amount of *546 compensation for the injuries of Guadalupe Morse.
After trial, the plaintiff moved for judgment notwithstanding the verdict on damages, additur or a new trial on damages. These post-trial motions were denied.
ISSUE ON APPEAL
Appellant, Guadalupe Morse, appeals the quantum of damages. She contends that the amount she had received, $17,500, is inadequate compensation for her injuries and medical expenses, and that the jury misunderstood the interrogatory form and intended that she receive the entire $50,-000.
The jury initially returned to the courtroom having answered all the questions on the interrogatory except the amount of damages. The foreperson said the jurors thought the court could fill that in. The judge told them that was not the case and sent them back to deliberate. The jurors returned and one expressed a lack of understanding and stated that the jurors were saying that the figure represented the amount Mrs. Morse would receive without consideration of the percentages of fault. The jury then filled in the amount of $50,000. After the jury was polled, a juror asked the court whether the $50,000 excluded medical expenses.
Appellant contends that the jury misunderstood the interrogatory and intended to award her $50,000 (not 35% of $50,000), as well as her medical expenses. The record indicates that the jurors asked questions about the meaning of the fifth question as to quantum. There is not sufficient evidence in the record to show that the jury was confused. A verdict can be set aside on grounds of jury confusion if that confusion probably contributed to the verdict. Picou v. Ferrara, 483 So.2d 915, 918 (La.1986). We do not find that the jury confusion, if there was any, affected the verdict in this case.
Appellant further contends that the quantum of $50,000 for all her injuries is manifestly erroneous. Her total past medical expenses were $16,427.10. She will require future dental work, such as a new bridge, which would cost about $1000.
The standard for appellate review of the amount of a damage award was set out as follows in Reck v. Stevens, 373 So.2d 498, 501 (La.1979):
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
See also, Joseph v. Ford Motor Co., 509 So.2d 1, 2 (La.1987).
Guadalupe Morse suffered intense and long term pain as a result of her injury. She underwent surgery for the insertion of a long metal rod through her femur. For more than two years, she had to walk with this rod inside her femur. This caused pain and difficulty, especially during her pregnancy, and interfered with her ability to sleep. She had to undergo a second operation to remove the rod. The surgeries left large permanent scars on her thigh. In addition, her front tooth was knocked out. She had to undergo root canal procedures on adjacent teeth and must wear a bridge. She claims that the disfigurement from these injuries make her anticipated career in modeling impossible.
A review of cases in which teeth were broken or lost suggests an award of $10,-000 in general damages is minimal. Cascio v. City of Monroe, 530 So.2d 1170, 1174-75 (La.App. 2 Cir.1988); Adamson v. City of Lafayette, 521 So.2d 1258, 1262-63 (La.App. 3 Cir.), writ denied, 526 So.2d 798 (1988); Higginbotham v. Ouachita Parish Police Jury, 513 So.2d 537, 539-40 (La.App. 2 Cir.1987); Delery v. Schneider, 410 So.2d 857, 860 (La.App. 4 Cir.), writ denied, 412 So.2d 1109 (1982).
A review of cases in which the plaintiff suffered a displaced fracture of the femur suggests that the lowest possible award for general damages would be $50,000. Kelley v. Great Atlantic & Pacific Tea Co., Inc., 545 So.2d 1099, 1106 (La.App. 5 *547 Cir.), writ denied, 550 So.2d 629 (1989) (fracture of femur complicated by arthritis, causing second fall with injuries to wrist, elbow and hip); Conner v. Motel 6, Inc., 521 So.2d 1248, 1254 (La.App. 3 Cir.), writ denied, 526 So.2d 795 (1988) (fracture of neck of femur, with complications during surgery causing collapsed lung, ilius, and blot clot in leg). In the majority of these cases, the courts have awarded special damages over and above the quantum of general damages.
For the above reasons, we find that the quantum of $50,000 in total damages is inadequate and is manifestly erroneous. Rosell v. Esco, 549 So.2d 840, 844 (La.1989). Therefore we amend the award to a total of $60,000 in general damages, and, in addition, $17,427.10 in past and future medical expenses. The allocation of comparative fault is not at issue on appeal. The judgment will be reduced by 65%. Each party will bear their own costs for this appeal.