753 So.2d 844 (1999)
Jorge A. DOLMO, Alexis A. Dolmo & Emma O. Dolmo
v.
Darryl L. WILLIAMS, Tara M. Williams and Allstate Insurance Company.
No. 99-CA-0169.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1999.
Julian R. Murray, Jr., Stephen D. Marx, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, Louisiana, Counsel for Plaintiffs/Appellants.
*845 Vance W. Ott, Donovan & Lawler, Metairie, Louisiana, Counsel for Defendants/Appellees.
Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS Sr., Judge ROBERT A. KATZ.
KATZ, Judge.

STATEMENT OF THE CASE
Plaintiffs/appellants, Jorge Dolmo, Alexis Dolmo and Emma Dolmo, filed suit against defendants/appellees, Darryl Williams, Tara Williams and their insurer, Allstate Insurance Company. The Honorable Dominic Grieshaber, Judge, Division "B", First City Court, Parish of Orleans, rendered judgment in favor of the defendants and dismissed the plaintiffs' suit with prejudice. The plaintiffs filed a Motion for a New Trial which was denied. It is from these rulings that the plaintiffs now appeal.

STATEMENT OF THE FACTS
This is a suit for personal injuries arising out of an automobile accident involving three cars. The plaintiffs were stopped for a red light on Orleans Avenue at the intersection with North Claiborne Ave. when the plaintiffs were rear-ended.
In dispute is whether the car immediately behind the Dolmo vehicle and being driven by Erica Harris, a non-party to this lawsuit, rear-ended the plaintiffs first or whether the third car owned by Daryl Williams but being operated by his wife Tara Williams, rear-ended the Harris vehicle which in turn hit the plaintiffs' vehicle. Allstate is the insurer of the Williams' vehicle.
The police report reflects the damage to the vehicles and statements made by the individuals involved. In particular, the report indicates that the rear bumper of the Dolmos' car and the front bumper of Erica Harris' car received moderate to heavy damage, while the rear bumper of Erica Harris' car and the front bumper of Darryl Williams' car received light damage. Both Alexis and Emma Dolmo suffered injuries which required treatment and for which they now seek damages.
At trial, Emma and Alexis Dolmo were the only witnesses called to testify. The following documentary evidence was introduced and stipulated to: (1) the police report; (2) the medical reports on Alexis and Emma Dolmo with accompanying medical bills; (3) property damage estimate on the vehicles; (4) a photograph of the Dolmos' car; (5) a photograph of Mr. Williams' car; and (6) the Allstate Insurance Policy insuring Mr. Williams.

ASSIGNMENTS OF ERROR
The plaintiffs specify two errors on appeal for review: (1) was the finding by the trial court in favor of the defendants and against the plaintiffs manifestly erroneous; and (2) did the trial court err in refusing to allow the plaintiffs to present evidence in support of their Motion for New Trial.

FIRST ASSIGNMENT OF ERROR
"It is well settled that a court of appeal may not set aside a trial court's...finding of fact in absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989)." Francis v. Brown, 671 So.2d 1041, 1048 (La. App. 3 Cir.1996).
"However, when a trier of fact's determination is derived by overlooking an applicable legal principle, an appellate court is not bound to accept that determination. Mart v. Hill, 505 So.2d 1120 (La.1987)", Francis, supra, at 1048.
Having found the trial court to have committed manifest error and having failed to apply the correct legal principles to the facts of the case as set forth hereinafter, we will undertake a de novo review of the evidence and implement our own judgment since the record before us is complete. See Gunn v. Amica Mut. Ins. Co., 611 So.2d 805 (La.App. 3 Cir.1992), writ denied, 613 So.2d 999 (La.1993) and Francis, supra, 1048.
*846 At the outset, LSA-R.S. 32:81 furnishes the standard of care required of motorists following other vehicles. The statute provides in pertinent part:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
Generally, in interpreting this statute, the courts of appeal have determined that a following motorist who strikes a preceding motorist from the rear is presumed to have breached the standard of conduct proscribed in R.S. 32:81 and, hence, is presumed negligent. Thus, the burden would normally rest upon the motorist immediately behind the stopped vehicle, which in this case would be Erica Harris, to exonerate herself from any negligence. Eubanks v. Brasseal, 310 So.2d 550 (La. 1975). However, since there is a dispute in the case sub judice as to whether the Harris vehicle rear-ended the Dolmo vehicle first or was itself pushed into the Dolmo vehicle by the Williams vehicle, further legal analysis must be performed.
The police report indicates that Erica Harris gave a statement to the officer that her car was rear-ended by the Williams' vehicle and the momentum pushed her into the Dolmo vehicle. Tara Williams, on the other hand, gave the officer an entirely contradictory statement, i.e., she saw the Harris vehicle rear-end the Dolmo vehicle and was unable to stop before hitting the Harris vehicle.
Neither Erica Harris nor Tara Williams testified at trial.
The Dolmos' testified at trial that they felt only a single impact-which would tend to corroborate the Harris version and not the Williams version.
In attempting to resolve the issue of liability in a three car collision, the Fourth Circuit has applied a presumption similar to the one in Eubanks, supra, to aid the trier of fact. In Poche v. Frazier, 232 So.2d 851, 856 (4th Cir.1970) the Fourth Circuit succinctly stated: "Our law is well settled that when an innocent third party (such as the Dolmos) is injured as a result of a collision between two (or more) drivers, each of the drivers is deemed guilty of negligence per se and the burden of proof falls upon each to exculpate himself (herself) from negligence proximately causing the injury to the third party."
Under this theory both Harris and Williams are presumed negligent and each must establish by a preponderance of the evidence that they were free from fault. The record before us fails to support either driver in rebutting this presumption of negligence.
Also, when a fact-finder is unable to determine whether the injuries sustained by a party are the result of a first or a subsequent impact, the Second Circuit has enunciated a legal principle to assist the fact-finder: "when injuries received in two or more accidents contributed to or combined to cause [injury], then the negligent drivers are solidarily liable...(and) if the second accident was not the sole proximate cause it was a contributing cause of the death of decedent and, though there may have been a pre-existing condition, i.e., injuries from the first accident, there was no intervening cause between the second accident and [the plaintiff's] death." Hilburn v. Johnson, 240 So.2d 767, 771 (La.App. 2 Cir.1970); 100 A.L.R.2d, pp. 154-156.
Under this theory, it doesn't matter which version the Court adopts, i.e., whether Harris hit the Dolmos first and then was impacted by the Williams' vehicle forcing Harris again into the Dolmos or whether Williams hit Harris first who then was shoved by the impact into the Dolmos. Either way, both drivers are at fault.
The trial court in the case sub judice took the matter under advisement and then dismissed the plaintiffs' lawsuit without any oral or written reasons. Furthermore, as previously noted the trial court *847 did not have the opportunity to observe the demeanor of either Erica Harris or Tara Williams nor was a reconstruction expert retained to testify. Hence, if the trial court was not going to accept the version of the accident as testified to by the Dolmos, then the only reasonable conclusion is that neither Erica Harris nor Tara Williams carried their respective burden of proving that they were free from fault and both drivers under the law are to be presumed negligent and 50% fault ought to have been assigned to each driver.[1]
After a thorough review of the record, we too are unable to determine whether the plaintiffs' injuries were caused by the impact of the Harris vehicle by itself or caused by the impact when the Williams vehicle pushed the Harris vehicle into the plaintiffs. Therefore, irrespective of whether we apply the legal presumptions under the Eubanks and Poche cases, supra, or the legal presumption under the Hilburn case, supra, the result is the samewe find both drivers at fault and assess each driver with 50% fault.[2]
Also, lest we forget it, the record does not support any finding of fault on behalf of Darryl L. Williams. Hence, he is entitled to be dismissed from the lawsuit.
Accordingly, the trial court judgment is affirmed insofar as it dismisses the plaintiffs' action against Darryl L. Williams with prejudice. However, the trial court judgment is reversed insofar as it dismisses the plaintiffs' lawsuit vis a vis Tara Williams and Allstate Insurance Company.

SECOND ASSIGNMENT OF ERROR
Because we reverse the trial court's finding of no liability as to Tara Williams and Allstate Insurance Company, the second assignment of error is moot.

QUANTUM
Having found liability as to Tara Williams and her insurer Allstate, we must now determine what reasonable damages are to be awarded to the respective plaintiffs.
"Once it has been determined that the trier of fact is clearly wrong, the appellate court is empowered by LSA-C.C.P. Art. 2164 to render any judgment which is just, legal and proper. Courts of appeal may award damages when the trial court initially rejects plaintiffs' demands and where the record contains sufficient proof of damages. In making an initial *848 award of damages at the appellate level, we are not limited to an award of either the lowest or highest amount we would affirm. Instead, we set the award in an amount which is just compensation for the damages revealed by record." Gordon v. Willis Knighton Medical Center, 661 So.2d 991, 999 (La.App. 2d Cir.1995), writ den. 1/26/96, 666 So.2d 679.
The medical reports on Alexis and Emma Dolmo with accompanying medical bills were stipulated to and introduced into evidence. The medical bills for Alexis Dolmo amounted to $965 and the medical bills for Emma Dolmo amounted to $935. These documents are sufficient proof for this court to determine an award of damages.
According to the medical reports on Alexis Dolmo and his testimony it appears that he was treated over a period of five months for a moderately severe strain and/or sprain to the cervical-thoracic spine. During this same period of time he experienced moderately severe pain to the lumbosacral spine and nervousness due to the trauma. Also, he complained of recurring pain and headaches which the Doctor indicted that he would continue to suffer from for several months following discharge.
Apparently Emma Dolmo sustained similar type of injuries and experienced similar symptoms.
The plaintiffs cite us to the Fourth Circuit decision in Delery v. Schneider, 410 So.2d 857 (4th Cir.1982) as a guideline in awarding general damages in the case sub judice. In Delery the Court of Appeal awarded $2,000.00 per month for soft tissue injuries. The plaintiffs suggest that if inflation is factored in as well as the additional complaints of the plaintiffs then this court ought to award Alexis and Emma Dolmo general damages in the amount of $2,500.00 per month times the five months that each suffered. Hence, under this approach Alexis Dolmo would be awarded $12,500.00 for general damages and $965 for the medical bills. Likewise, Emma Dolmo would be awarded $12,500.00 as her general damages and $935 as her medical bills.
We cannot say that this method of determining the general damage awards in this case is unreasonable. Thus, we accept these figures as the reasonable figures of the Court.
However, since the liability between Erica Harris, the non-party, and Tara Williams and her insurer Allstate is joint and several and not in solido, the plaintiffs Alexis Dolmo and Emma Dolmo can only recover one-half or 50% of their general damages and medical bills from Tara Williams and her insurer Allstate. See footnote # 2.
Likewise, Jorge Dolmo can only recover one-half or 50% of his property damage from Tara Williams and her insurer Allstate. See footnote # 2.

CONCLUSION
For the foregoing reasons, we affirm the judgment dismissing the plaintiffs' lawsuit against Darryl L. Williams with prejudice but reverse and set aside the judgment dismissing the claims of Jorge A. Dolmo, Alexis A. Dolmo and Emma O. Dolmo as to Tara Williams and Allstate Insurance Company.
Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Jorge A. Dolmo and against Tara Williams and Allstate Insurance Company, jointly, severally and in solido for the property damage in the sum of $1,130.60, reduced by 50% for the fault attributable to Erica Harris, the non-party, but with legal interest from the date of judicial demand until paid and for all costs, including the costs of this appeal;
IT IS FURTHERED ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Alexis A. Dolmo and against Tara Williams and Allstate Insurance Company, jointly, severally and in solido for the medical bills and general *849 damages in the total sum of THIRTEEN THOUSAND FOUR HUNDRED SIXTY FIVE DOLLARS ($13,465.00), reduced by 50 % for the fault attributable to Erica Harris, the non-party, but with legal interest from the date of judicial demand until paid and for all costs, including the costs of this appeal;
IT IS FURTHERED ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Emma O. Dolmo and against Tara Williams and Allstate Insurance Company, jointly, severally and in solido for the medical bills and general damages in the total sum of THIRTEEN THOUSAND FOUR HUNDRED THIRTY FIVE DOLLARS ($13,435.00), reduced by 50% for the fault attributable to Erica Harris, the non-party, but with legal interest from the date of judicial demand until paid and for all costs, including the costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
BAGNERIS, J., dissents with reasons.
BAGNERIS, J., dissenting with reasons.
I respectfully dissent for the following reasons:
A Court of Appeal may not aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong". Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State through DOTD, 617 So.2d 880 (La.1993).
The Supreme Court, in Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), set forth a two-part test for the reversal of a factfinder's determinations:
(1) The appellate court must find from the record that a reasonable factual basis does not exist for the trial court's finding.
(2) The appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
An appellate court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. Id. Appellate courts must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.
The issue to be resolved by the trial court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusions were a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable inferences of fact should not be disturbed upon review, in absence of manifest error or clearly wrong. Id.
In the present case, we conclude after our review of the record this was a three-car accident caused by Tara Williams' vehicle rear-ending Erica Harris' vehicle, which in turn, rear-ended the Dolmo's vehicle.
At trial the parties stipulated to the following Police Report; Medical Reports of Alexis and Emma Dolmo; Medical Bills for Alexis and Emma Dolmo; Property Damage Estimate; Williams' Allstate Policy; and photographs of Williams' vehicle and the Dolmos's vehicle.
Emma Dolmo testified that she was a passenger in a vehicle driven by her brother, Alexis Dolmo. Ms. Dolmo testified that she and her brother were stopped at a red light at Orleans Avenue and Claiborne Avenue, when they were struck by another vehicle from the rear. Ms. Dolmo testified that she remained in the vehicle and that her brother exited the vehicle to assess the damage to the vehicle. Ms. Dolmo testified that after the accident she sought medical treatment from Dr. Pedro Angulo. Ms Dolmo testified that Dr. Angulo prescribed pain medication and heat therapy. *850 She further testified that she was treated by Dr. Angulo for five months.
Alexis Dolmo testified that he and his sister were stopped at the intersection of Orleans and Claiborne when he was struck from the rear by another vehicle. Mr. Dolmo testified that he sought medical treatment from Dr. Angulo. Mr. Dolmo testified that he took Advil for the soreness in his neck, shoulder and headaches. Mr. Dolmo testified that he treated with Dr. Angulo for five months.
After reviewing the entirety of the record, we find that the plaintiffs' testimony and evidence presented were uncontradicted by the defendants. Further, the parties stipulated to the police report which established the chain of events that lead to this three-car accident; the drivers of each vehicle with their respective pertinent information; and a diagram of the location of the vehicles involved in this accident.
The defense, after the completion of the plaintiffs' case in chief requested a Directed Verdict that the trial court denied. The trial court took the matter under advisement and later rendered judgment in favor of Darryl Williams, Tara Williams and their insurer, Allstate Insurance Company, and Erica Harris, dismissing the Dolmo's lawsuit. The Plaintiff's filed a motion for new trial, however the trial court summarily denied their motion.
Considering the uncontradicted testimony, the stipulated Police Report; Medical Reports; Medical Bills; Property Damage Estimates; photographs of the Dolmos's vehicle and Williams' vehicle, we find the trial was clearly wrong in awarding judgment in favor of the defendants and dismissing the plaintiffs' case. Further, we find that the trial court erred in denying the plaintiffs' motion for new trial. We find that the trial court findings and conclusions were not reasonable or consistent with the jurisprudence. Therefore, I would reverse the trial court, grant a new trial and order this case remanded to the trial court for a new trial consistent with the aforementioned reasons.
NOTES
[1] The defendants/appellees in their brief at page 5 state: "The appellants(plaintiffs) had the burden of proving that Ms. Williams caused their damage. They did not do this."

On page 21 of the transcript Mr. O'Connor, counsel for the defendants, stated: "...I don't have any witnesses to call because I believe...it's the plaintiffs' burden to prove how this accident happened" and on page 22 counsel stated: "....I don't feel it's necessary for me to call Miss Williams because it's the plaintiffs' burden. So, because of that, we rest."
These statements are not only incorrect but are contrary to the legal presumptions cited in the Eubanks and Poche cases supra. Also, these statements are contrary to the time-honored principle enunciated in Orlesch v. Fairchild Auto Co., 13 Orleans App. 303(1916), ("Where the proof of a fact can be more easily established by one of the parties to the suit, the burden is upon him."); State ex. Rel. Leary v. Hughes, 185 So. 69 (La.App. 1938), ("The party who is most cognizant of the facts has the burden of proof."); Rousseau v. Texas & P. Ry. Co., 4 La.App. 691 (1926), ("The burden of proof is on the party having more means of knowledge than the other").
[2] Although the Eubanks, Poche and Hilburn cases hold that the drivers are liable in solido, they were rendered prior to the 1996 amendment to C.C. art. 2324 which now provides that the liability between the drivers is joint and severalnot in solido. However, since the accident happened before 1996, C.C. 2324 as amended is not applicable. See Aucoin v. State through Dept. of Transp. and Development, Sup.1998, 97-1938, 97-1967 (La.4/24/98), 712 So.2d 62. Nevertheless, the same result occurs according to the rationale in Harris v. Hamilton, 569 So.2d 1, 4 (La.App. 4 th Cir.1990)"Under the provisions of C.C.P. art. 1812 and C.C. art. 2324, this court has previously recognized that liability may be assessed against a non-party, resulting in reduction of the plaintiff's recovery to the extent of the non-party's liability."