1,EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Allstate Insurance Co., defendant-appellant, from a $19,920.72 judgment in favor of Henry Hopkins, plaintiff-appellee, in this three car rear-end collision case. For the following reasons we assign 50% of the fault in this accident to Allstate’s insured, thus reducing its share of the judgment by one half to $9,960.36.
The underlying facts are as follows. Henry Hopkins was stopped in traffic on an interstate highway. He testified that he was struck from behind by a car driven by Loretta Quigley, Allstate’s insured. When hit he said that he looked in his rear view mirror and then began opening his door. At that moment he felt a second impact, this one from a pick-up truck being driven by William Coincon which struck the rear of Quigley’s car.
| .-¡Quigley gave a statement (prior to her death by other causes) in which she said that she was slowing to a stop when Coin-con hit her and propelled her car into Hopkins’ vehicle. Coincon stated in deposition that Quigley was stopped behind Hopkins when he hit her. The police report shows that Hopkins stated at the scene that he thought there were two impacts, but the investigating officer only ticketed Coincon because Quigley told her she was propelled into Hopkins only after being struck by Coincon.
Coincon was uninsured, and prior to trial Hopkins settled the claim with his own uninsured motorist carrier. Hopkins brought the present action against Coin-con, as well as Quigley and Allstate. Based on the above evidence the trial judge found that there were in fact “two bumps” and that “plaintiff suffered damages as a result of the negligence of both Loretta Quigley and William Coincon.” However, the trial judge did not apportion fault between these parties. Instead he cast Quigley and Allstate for the entire judgment. Hopkins suffered neck injuries in the accident requiring $9,920.72 in medical treatments, and may eventually require *304 surgery. The judge awarded $10,000 in general damages bringing the total award to $19,920.72. Allstate now appeals.
The issues here are whether the trial judge erred in not apportioning fault between the defendants after finding them both negligent and, if so, how to correct that error. We hold that it was indeed error not to apportion fault. Louisiana Civil Code Article 2323 provides that when the negligence of more than one person causes injury to a third party the percentage of fault of each such person “shall be determined.... ”
That brings us to the second inquiry. In Dolmo v. Williams, 99-0169 (La.App. 4th Cir.9/22/99), 753 So.2d 844, the court was faced with a similar issue in a case involving a three vehicle rear-end collision. There the court found initially |4that both of the drivers involved in hitting plaintiff from behind were negligent. However, it further noted that on the record there was no way to determine whether plaintiffs’ injuries were due to the first impact or the second. To resolve this problem the court simply held that each defendant was liable for 50% of the damages.
Here, there is similarly no way to determine what part of plaintiffs injuries was caused by each of the defendants. In this circumstance we too hold that defendants should each be apportioned 50% of the total damages.
For the foregoing reasons the judgment is amended to provide that Allstate Insurance Co. is liable for only 50% of the total damages sustained by plaintiff, or $9,960.36.

JUDGMENT AMENDED AND AFFIRMED AS AMENDED.