PONDER, Judge.
Defendant appealed the judgment holding it liable to plaintiff for overpayment by plaintiff on purchases from defendant.
The issues presented by defendant are: 1) the admission into evidence of plaintiff’s business records; 2) the credibility of the witnesses; 3) the requirements of law regarding contracts based on weight; and 4) the pleading and proof of fraud.
We affirm.
Shapar, Inc., d/b/a Shakey’s Pizza Parlor, filed suit against Cliff’s Wholesale Pizza Products, Inc., to recover the amount it was allegedly due because of overcharges in the purchase of mozzarella cheese from Cliff’s between February, 1979 and August, 1980. Plaintiff placed orders by the case, but made payment on the total weight shown in the invoices, which plaintiff alleges was greater than the number of pounds delivered.
The trial court determined that the deliveryman, James Ford, was a representative of the defendant and that he perpetrated a fraud upon plaintiff by knowingly billing for a greater amount of cheese than was delivered over the nineteen month period. The court awarded plaintiff the sum of $22,366.56, representing the overpayment.
Defendant initially contends that LSA-C.C. art. 2248[1] prevents the admission into evidence by plaintiff of its own business records. The trial judge found that the rule did not apply and admitted plaintiff’s journal entries for the months of February, 1979 through August, 1980, showing the sale of pizzas and other products during that period of time.
Judy Gautreaux, bookkeeper for plamtiff, testified that daily sales were tabulated from cash register tapes and then transcribed into a journal and that she personally went through the receipts and compiled the entries into the journal.
We agree with the trial judge and find that the records, reflecting sales, were admissible evidence. An early case, Hincks v. Converse, 38 La.Ann. 871 (1886), held the code article does not apply to corporations. The Supreme Court has recognized the stringent rule might work injustice. Crosby v. Little River Sand and Gravel Development, 212 La. 1, 31 So.2d 226 (1947), rehearing denied, June 16, 1947. Our court refused application of the article in at least one case. Garner v. T.R. Johnson Plumbing Co., 208 So.2d 18 (La.App. 1st Cir.1968). Additionally, the records were corroborative evidence of other evidence that plaintiff was not using the quantity of cheese alleged by Ford.
Defendant next contests the trial court’s evaluation of the credibility of the witnesses.
In explaining the discrepancies in the invoices, Ford initially testified that a case of cheese averaged fifty pounds, and that he delivered more cases to plaintiff than ordered. In a later attempt to clarify the discrepancies, he said that cases weighed more than fifty pounds and could weigh up to seventy pounds. Other testimony established that a case weighed fifty pounds, with a variance of no more than four or five pounds.
The trial court determined that Ford’s testimony was contradictory and unconvincing as compared to the contradictory evidence. We find the evaluation reasonable, and will not disturb the findings of the trial court. Billiot v. Bourg, 338 So.2d 1148 (La.1976).
Defendant also argues that the number of cases of mozzarella cheese shown on the invoices is irrelevant because under LSA— *1035 R.S. 55:14,[2] only the weight reflected on the invoices is material.
Plaintiff is claiming that he was billed for and paid for more pounds than he received. We fail to see the relevance of the statute.
Defendant next contends that the trial court erred in finding fraud because that issue was not specifically pled in plaintiff’s petition. LSA-C.C.P. art. 856.[3]
Plaintiff’s petition alleged that it was purchasing mozzarella cheese exclusively from the defendant; that it ordered cheese by the case; that plaintiff would pay for the cheese based on the number of pounds reflected on defendant’s invoice; that in September, 1980, plaintiff discovered the weight reflected on an invoice was considerably greater than the actual number of pounds delivered; that examination of past invoices from February, 1979 through August, 1980, revealed that plaintiff had paid for more cheese than it received; and that it was overcharged a total amount of $22,583.40. We consider the allegations sufficient for the introduction of the evidence.
The trial court concluded that, for nineteen months, Ford took advantage of the fact that plaintiff’s employees only counted the number of cases of cheese delivered and fraudulently charged plaintiff for cheese never delivered.
We find no manifest error in the trial court’s determination.
For the above reasons, the judgment of the trial court is affirmed at defendant’s costs.
AFFIRMED.

. LSA-C.C. art. 2248:
The books of merchants can not be given in evidence in their favor; they are good evidence against them, but if used as evidence, the whole must be taken together.

. LSA-R.S. 55:14 provides in part:
Except as provided in the second paragraph of this Section, whenever any commodity is sold on the basis of weight, only the net weight of the commodity shall be employed in the sale. All contracts concerning goods sold on a basis of weight shall be understood and construed accordingly.

. LSA-C.C.P. art. 856:
In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.