YELVERTON, Judge.
Byron L. Perry, appellee, was a salesman for appellant, A1 George, Inc., on a salary plus commission basis. Perry terminated his employment and a dispute arose regarding the amount due him for commissions and reimbursement of expenses. The dispute was litigated and the trial court awarded plaintiff $5,244.49. From this judgment the defendant-employer appeals. We affirm.
The single issue raised on appeal is whether the plaintiff was properly allowed to recover in quantum meruit.
Perry began his employment for A1 George, Inc., in 1976 as a salesman. The employer’s business was the sale of pollution control equipment to major oil companies, mostly for offshore installation. The initial employment arrangement was a verbal one. In April 1978 the method of calculating plaintiff’s compensation was changed and reduced to writing in the form of a memorandum. According to the memorandum plaintiff was to receive a base salary of $1,000 per month. In addition, he was to receive commissions according to the formula: one percent of sales up to $250,000; one and a half percent of sales between $250,000 and $500,000; and two percent of sales exceeding $500,000. Also, plaintiff was to receive two percent of his gross sales for each fiscal year as reimbursement for his automobile expenses; the amount by which this two percent exceeded the expenses was to be kept as a bonus.
The equipment was sold by prototype. After each sale the equipment had to be manufactured. Plaintiff’s duties did not end with the sale. His duties included keeping track of the equipment from the time it was placed in the manufacturing schedule until it was installed and in satisfactory operation on the premises of the customer.
It was the practice to credit each order to the salesman as the equipment was placed in the manufacturing schedule. Although the salesman’s entitlement to commissions and reimbursement for expenses was thus *1311 credited to him on the books, the salesman’s actual receipt of these sums did not occur until A1 George, Inc. was paid by the customer. The customers paid by installment and the salesman received his share as each installment was paid.
None of the above narrated facts were disputed by either party. Their employment contract was based in part on the above described written memorandum, but it was essentially an oral agreement. Nevertheless, its terms, so long as plaintiff remained in defendant’s employ, were mutually understood and workable. Unfortunately, their contract failed to provide the standard by which their rights and obligations would be governed in the event of termination after a sale was made but before the equipment sold was in satisfactory operation in the hands of the customer.
Plaintiff terminated his employment on April 30, 1980. At this time four sales, grossing a total of $477,953, had been placed in the manufacturing schedule. These sales were in various stages of completion; one of them, although it had been in the works for several years, had just been made and placed in the manufacturing schedule. On others plaintiff had received partial payment. He had also received a portion of the reimbursement for automobile expenses based on the gross total for these four sales. The employer refused to pay plaintiff his commissions on customer payments received after the date of his termination. The resulting dispute led to this lawsuit.
Plaintiff’s contention was that he was entitled to all of the commissions and reimbursement for travel based on the gross sales credited to him before his termination date.
It was the employer’s contention that plaintiff was entitled to nothing after the date of his termination. The employer’s position was that, while the amount of plaintiff’s compensation was determined by gross sales, actual payment therefor was made in stages as earned, same being coincident with installment payments received from purchasers. The employer argues that with respect to each sale there were duties unperformed at the time of plaintiff’s termination and that he should not be paid for what he did not do.
The trial court found that there had never been any discussion or agreement between the parties regarding any apportionment of plaintiff’s compensation to his various duties. There was thus no contract in existence to resolve the dispute that would naturally arise when employment was terminated with sales having been made but delivery not completed. The trial court reasoned:
“The Court finds that the supervisory duties attendant to the sales were a part of the plaintiff’s obligation as a salesperson and were not completely fulfilled by the plaintiff. The Court does not feel that this fact should prevent the plaintiff from recovering. The Court finds that selling was the primary and most important aspect of the plaintiff’s job as salesperson, and that the duty to oversee production was of a secondary nature. The Court feels that since the defendant profited from the plaintiff’s sales, the plaintiff should be compensated for his efforts.”
The trial court further found that plaintiff had in fact rendered valuable assistance in the completion of the post-sales responsibilities when called upon to do so even after he left defendant’s employ. For the reasons that plaintiff had fulfilled his primary job, selling, and had also assisted to some extent in supervising final delivery, the trial court concluded that plaintiff was entitled to recovery in quantum meruit of a sum equal to two-thirds of what he would have received, had he remained employed, in commissions and reimbursement of expenses. The district judge carefully examined the records and concluded that plaintiff was entitled to $1,536.64 in commissions and $3,707.85 as reimbursement for expenses.
Our review of this record causes us to agree with the trial court in both his findings of fact and conclusions of law.
*1312 Plaintiff’s right to recover under the quasi-contractual remedy of quantum me-ruit is clearly supported by the facts. The rights and obligations of the parties were not governed by an express contract because their employment agreement made no provision for what would happen in the event of termination. Nor was there any contractual assignment of value to the individual services to be performed by a salesman, therefore no means by which the court could, by resort to contract, determine what is due to each party. Quantum meruit is an equitable doctrine, based on the concept that no one who benefits by the labor and material of another should be unjustly enriched thereby. Under these circumstances the law implies a promise to pay a reasonable amount for the labor and material furnished. LeBlanc v. Opt, Inc., 421 So.2d 984 (La.App. 3rd Cir.1982); Gauguin, Incorporated v. Spring, 316 So.2d 858 (La.App. 1st Cir.1975).
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.