KLEES, Judge.
This appeal is from a suit brought by the plaintiff/appellant, W. Harold Tinney, against W.J. Tessier Realtors, Inc. (Tessier) for lease commissions which accrued after Tinney’s termination from Tessier. Tessier answered and reconvened seeking an accounting of any sums paid to Tinney by Mantón Land Company while he was associated with Tessier. Tessier also made a demand against Joseph Mancuso, E. Carl Clayton, and Mantón Land Company for any sums due by reason of transactions conducted for them by Mr. Tinney while he was associated with Tessier. This demand was subsequently dismissed. The trial court gave judgment for Tessier, dismissing plaintiff’s demands and rendered judgment in favor of Tessier on their reconven-tional demand, ordering Tinney to account for a portion of the funds he received from Mantón Land Co. and referring the trial of the accounting to a Commissioner of the Civil District Court. It is from this judgment that the plaintiff appeals. The issues presented on appeal are 1) whether a real estate commission salesman whose employment is terminated is entitled to payment of commissions on leases he procured before his termination and 2) whether a real estate brokerage may collect a portion of a salary and cost reimbursements received by a salesman from another party for work not specified in the definition of “real estate salesman” under LSA-R.S. 37:1431 and/or for work done which produced no commission to anyone. For the following reasons we reverse the judgment of the trial court with regard to the first issue and affirm but amend the judgment of the trial court with regard to the second issue.
W. Harold Tinney became associated with the predecessor firm of W.J. Tessier Realtors, .Inc. in 1945 as an independent realtor associate. No contract of employment was ever executed between Tinney and Tessier or any of its successors. Tin-ney was considered self-employed by the Tessier firm and worked on a straight commission basis while associated with them. Tinney received 60% of any money he brought in to the Tessier firm. From May of 1973 until December of 1975, Tinney was a salaried employee of Mantón Land Company in addition to his association with Tessier. During that time he received $600.00 per month to act as a custodial officer for Mantón Land Company. Tin-ney’s main duties were the overseeing of *1101 one of Manton’s properties which was marked for demolition. In his correspondence, Tinney held himself out as Manton’s representative and did such things as rent collection, notifying tenants of taxes due, authorized subleasing of certain property and certain other managerial types of activities. Tinney also negotiated the extensions of at least two existing leases on Mantón properties. This was done while the plaintiff was receiving a salary from Mantón. After 1975, when Tinney was no longer on the payroll of Mantón, he engaged in certain lease negotiations on Man-ton properties for which no compensation was received by either himself or Tessier. On April 25, 1978, Tessier terminated Tin-ney for various reasons among which was the questionable nature of the activities he conducted on behalf of Mantón Land Company. Tinney then brought this suit to recover the commissions he alleged were due him. Tessier agreed that he was owed certain sales commissions, but refused to pay any lease commissions which they said were forfeited by Tinney to the brokerage as a result of his termination. Tessier contends that this was the practice of the firm as well as accepted practice in the business. They argue that absent any written or oral agreement proved by Tinney, he cannot recover any lease commissions which would accrue after his termination. Tinney did not show that any agreement to that effect did exist, but argues that recovery should not be denied on that basis.
In three recent cases, plaintiffs were allowed recovery in the absence of any written or oral contract on the basis of quantum meruit. See Pizzeck v. Executone Systems Co., 411 So.2d 1202 (La.App. 4th Cir.1982), and Le Blanc v. Opt, Inc., 421 So.2d 984 (La.App. 3rd Cir.1982). In Perry v. Al George, Inc., 428 So.2d 1309 (La.App. 3rd Cir.1983), a salesman brought suit to recover commissions and reimbursements of expenses for sales made prior to his termination of employment. The employer, Al George, Inc., credited each sale to its salesmen when the product sold was placed in the manufacturing schedule, but only actually paid commissions and reimbursed expenses as installment payments were received from the customers. The court held that the salesman was entitled to recover on a quantum meruit basis on sales made prior to his termination, even though salesman’s duties did not end with the sale, in the absence of any agreement apportioning compensation to various duties and in light of finding that the salesman had fulfilled his primary job of selling. The appellate court cited the findings of the trial court, and agreed with it in both its findings of fact and conclusions of law:
“The Court finds that the supervisory duties attendant to the sales were a part of the plaintiff’s obligation as a salesperson and were not completely fulfilled by the plaintiff. The Court does not feel that this fact should prevent the plaintiff from recovering. The Court finds that selling was the primary and most important aspect of the plaintiff’s job as salesperson, and that the duty to oversee production was of a secondary nature. The Court feels that since the defendant profited from the plaintiff’s sales, the plaintiff should be compensated for his efforts.” 428 So.2d 1309, 1311
We find this ease to be very similar to the lease commissions in question here, so much so that some formula for recovery should be arrived at in order to compensate the plaintiff for leases on which he would have received commissions had he continued his association with Tessier. Any percentage of commissions due should be calculated and set by the trial court as incidental to any additional issues in this case.
As to the second issue, we agree that Tinney received a salary from Mantón Land Company to perform work very similar to that which he performed for Tessier, but not all of Tinney’s activities from 1973 to 1978 were in violation of LSA R.S. 37:1431 and 1451 (now 1446).[1] The trial *1102 court awarded judgment in favor of Tessier granting it a portion of the $19,384.98 received by Tinney from Mantón Land Company while he was associated with Tessier. It designated that the amount was to be determined by the Commissioner. Since not all of the work performed by Tinney for Mantón was work for which he could only be compensated by his broker, we conclude that only those activities which would have generated a commission for Tessier should he taken into consideration in determining that amount. Those activities are more specifically, the leases and extensions of existing leases negotiated by Tinney for Mantón, for some of which he received compensation and for others he received nothing. The record reflects that Tessier had permitted this practice in the past to maintain its working relationship with Mancuso and cannot now complain of Tinney’s actions in negotiating some leases without compensation. Thus, the trial court should calculate the commissions earned on the leases negotiated by Tinney, for which he received compensation, and Tessier should receive a portion of that amount, not a portion of the $19,384.98.
Accordingly, for the reasons stated above, the judgment of the trial court dismissing the plaintiffs demands is reversed and judgment rendered herein awarding the plaintiff a portion of the lease commissions which would have accrued to him had he remained associated with the defendant, the amount to be determined by the trial court; that portion of the judgment awarding W.J. Tessier Realtors, Inc. a portion of any money received by W. Harold Tinney from Mantón Land Co. prior to April 25, 1978 is amended to entitle them to a portion of any money that might have been earned on any leases negotiated by Tinney between 1973 and 1978 for Mantón Land Co., for which Tinney received compensation. Each party is to bear their own costs in these proceedings.
REVERSED IN PART, AMENDED IN PART AND AFFIRMED AS AMENDED.

. § 1431. Definitions
As used in this Chapter the following words have the meaning ascribed them in this Section *1102 unless the context clearly indicates otherwise:
(1) "Commission" means the Louisiana Real Estate Commission.
(2) "Business change broker” means any person who, for a compensation or valuable consideration, sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of a business, business opportunity, or the good will of an existing business for others as a vocation.
(3) "Real estate broker" means any person who, for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or rents or offers for rent, any real estate or the improvements thereon for others, as a vocation.
(4)"Real estate salesman” means any person who for a compensation or valuable consideration is employed either directly or indirectly by a licensed real estate broker to sell or offer to sell, or buy or offer to buy, or to negotiate the purchase or sale or exchange of real estate, or to lease or offer to lease, rent or offer for rent any real estate for others as a whole or partial vocation.

§ 1451. Commission of salesman may be received only from licensed broker employer.

No real estate salesman shall accept a commission or valuable consideration for the performance of any act herein specified from any person, except his employer who is a licensed real estate broker.