KLEES, Judge.
This suit was brought by Russell Palmer against his former employer, Wag-uespack-Pratt Management, Inc., along with Waguespack Pratt, Inc. and Wagues-pack, Pratt Service and Development Company, Inc. for commissions Palmer alleged were due him under a contract of employment with the defendants. He also sought judgment for commissions on any sums due the defendants as a result of the renewal or exercise of options relating to those leases. In addition, Palmer sought judgment for bonuses which he claimed the defendant corporations owed to him. In a third-party petition the plaintiff brought suit against Refco-Poydras Hotel Joint Venture and Waguespack, Pratt, Inc., for commissions due on a lease executed between Refco-Poydras Hotel Joint Venture and the Imperial Palace. Prior to the trial of the case on the merits, that claim was compromised by the plaintiff and Refco-Poydras by a compromise agreement concurred in by the defendants Waguespack, Pratt, Inc., and Waguespack, Pratt Service and Development Company, Inc. After trial on the merits before a commissioner of the Civil District Court, the plaintiff was awarded judgment in the amount of $15,-863.78 for various commissions earned, reserving to him his right to litigate other sums claimed to be due him and not previously adjudicated. The defendants assign as error the rendering of judgment against Waguespack, Pratt, Inc. and Waguespack, Pratt Service and Development Company, Inc. The record reflects that Waguespack, Pratt Service and Development Company, Inc., no longer exists due to its merger with Waguespack, Pratt Management, Inc. We amend the judgment of the trial court with respect to the named defendants, substituting Waguespack, Pratt Management, Inc., in their stead as the admitted employer of the plaintiff. For the following reasons we affirm the award of $750.00 (Roger Johns); $1,283.75 (Georgie Porgie); $360.00 (Regency Coffee); $112.50 (Royal Antiques); and $4,049 (Cloth World of La., Inc.). We reverse with respect to the remainder of the judgment.
FACTS
The plaintiff, Russell Palmer, was hired by Waguespack, Pratt Service and Development Company, Inc. in 1975 after having recently earned his MBA degree at the University of Texas. He was hired at a salary of $12,000.00 per year to work in a management capacity and more specifically to lease space in the new Poydras Plaza Shopping Mall. Plaintiff became a licensed real estate agent subsequent to joining Waguespack, Pratt Service and Development Company, Inc. Waguespack, Pratt, Inc., had a listing agreement with the owners of the Poydras Plaza, which is located adjacent to the Hyatt Regency Hotel, by the terms of which they would receive a flat fee for leasing its space. This agreement was later modified giving Wagues-pack, Pratt, Inc., a commission on leases rather than a flat fee. At that time the plaintiff was leasing out the shopping mall very successfully. He was told that he would be given 50% of the 6% commission received by Waguespack, Pratt, Inc., on all leases which earned them a commission in Poydras Plaza. In 1976, the plaintiffs salary was raised to $15,000.00 per year and he at some point in time acquired a company car along with reimbursement for travel and entertainment expenses. He also assumed the management of Waguespack, Pratt Service and Development Company, Inc., which was subsequently merged into Waguespack, Pratt Management, Inc. His salary in 1977 was increased to $18,000.00 per year and in the latter part of 1978 it was increased to $22,500.00 per year. The *21 plaintiff received a check in 1977 in an amount totalling 50% of a 6% commission earned by Waguespack, Pratt, Inc., on leases confected by the plaintiff in the Poydras Plaza Shopping Mall. He received a check in 1978 which stated that it was for commissions earned in 1977, which included those leases in Poydras Plaza and one in Westside Shopping Center. The plaintiff resigned his employment with Wagues-pack, Pratt Management, Inc., on January 23, 1979. The plaintiff thereafter made demand on the defendant for the sums he claimed were due from commissions on leases he perfected or helped perfect. Upon rejection of his claims this suit was filed.

Employment Contract

In his pleadings, the plaintiff asserts that the compensation agreement between himself and Waguespack, Pratt Management, Inc., was a handwritten item dated January 1, 1978 and signed by Jeff Haynes, Poche Waguespack’s son-in-law. He claimed in the second amended petition that the agreed upon compensation was to be that,
“Plaintiff was to receive $18,000.00 per year salary, plus 50% of all commissions earned by defendants for leases which were either procured by plaintiff without an outside broker or agent, or leases for which plaintiff had obtained the listing contract, including but not limited to the Poydras Plaza Retail Mall, the River-lands Shopping Center, and the Westside Shopping Center.
Finally, plaintiff was to receive a bonus of 10% of any and all profits earned by defendants in excess of $25,000.00 and 15% of any and all profits earned by defendants in excess of $50,000.00.”
The trial court in its reasons for judgment found that there was no meeting of the minds, no consent, and no understanding. In other words, no contract between the parties evidenced by the writing introduced by the plaintiff. After our review of this voluminous record, we agree with the trial court and conclude that the writing in question did not create a contract between the parties.

Poydras Plaza

The facts as brought out at trial support plaintiffs contention that it was understood that he would be compensated for leases which he obtained in Poydras Plaza because of the difficulty the defendant was having leasing that space. Plaintiff was in fact compensated on a 50% of a 6% commission basis on those leases he obtained on which Waguespack, Pratt, Inc., earned a commission. The commissions would have continued had plaintiff not terminated his employment with defendant. Mr. Poche Waguespack, president of the defendant corporation, stated at trial that he hired the plaintiff to lease Poydras Plaza and paid him a commission or bonus on those leases. Thus, we conclude that there was an understanding between the parties as to those specific leases. Simply because the plaintiff is no longer in the defendant’s employ does not mean that he intended to forfeit those amounts earned by him. If his primary job as an employee of Wagues-pack, Pratt Service and Development Company, Inc., was to service the listing contract with Refco — Poydras Hotel Joint Venture and he performed leasing activities for which he was compensated in addition to his salary for those specific leases, then he is entitled to recover any monies still due him under those leases. See Tinney v. W.J. Tessier Realtors, 447 So.2d 1099 (La.App. 4th Cir.1984). We therefore affirm with respect to the amounts awarded on the Poydras Plaza leases.

Wendy’s Lease

Our review of the record indicates that the plaintiff has settled any claim to a commission for procuring Wendy’s as a tenant in the Riverland Shopping Center by means of a contract signed by a representative of Waguespack, Pratt, Inc., and the plaintiff as the representative of his current employer, Latter and Blum. The plaintiff chose this method to insure his receipt of a commission as evidenced by the fact that Wendy’s approached Wagues- *22 pack, Pratt, Inc., and requested that they sign the contract. This contract would constitute the law between the parties. See La.C.C. art. 1901.[1] A claim for commissions on that lease is inappropriate in this suit. Since the plaintiff agreed to the terms of the contract, he is bound by them and must seek his commission from Latter and Blum. This contract was entered into at the plaintiff’s insistence in order that his right to a commission be protected. We think that the trial court was clearly wrong in reserving to the plaintiff any right to litigate in the future for sums due as commission on the Wendy’s lease against the defendant when there exists a contract governing the disbursement of that commission.

Westside Shopping Center

The plaintiff claimed commissions on various leases at the Westside Shopping Center on which he was involved while working for Waguespack, Pratt Management, Inc. These commissions were awarded to him by the trial court with the exception of the claim made on the Beaux and Belles lease which was fully paid. Mr. Poche Waguespack admitted at trial that he told the plaintiff he would pay him on that lease and on the extension of the Cloth World lease, but refused to do so when plaintiff left the defendant’s employ. The plaintiff himself said that he was not told directly that he would be paid commissions on the leases for which he claims commissions are due, except for Beaux and Belles and Cloth World. This shopping center had a listing agreement with Waguespack, Pratt, Inc., and had had for many years. It is our understanding that it was the responsibility of Waguespack, Pratt Management, Inc., to service the needs of the lessor and lessees and to work with independent contractors at Waguespack, Pratt, Inc., in leasing available space. Absent some specific agreement between Wagues-pack and the plaintiff that he would be compensated in addition to his salary for management on any leases in addition to Beaux and Belles and Cloth World, we cannot say that he is entitled to them. Plaintiff himself said that he did a great deal of leasing for which he received no compensation and for which he knew none was due. He never claimed commissions on properties he leased for John Hernandez even though they had similar duties and responsibilities. The difference in that ease was that Hernandez was an independent contractor who had a draw against his commissions and plaintiff received a salary and some commissions based on the discretion of Mr. Poche Waguespack. Waguespack does not deny that he agreed to pay a commission on two leases in Westside and one was completely paid, but the plaintiff did not prove that there was any agreement as to the remaining ones. Were we convinced that the plaintiff enjoyed the dual status of salaried employee and independent contractor we would be able to award him not only those commissions, but any commissions due on any lease he con-fected. It is our belief that the plaintiff was primarily a salaried employee who was not entitled to commissions as if he were an independent contractor. He received commissions as an independent contractor would only on certain leases, not on all leases, and he did not show any pattern or practice of payment except as to those leases which the defendant has admitted liability on. The plaintiff attempts to show by his memos and notes that he earned a commission on certain leases. If he were an independent contractor, we would be inclined to agree that he had earned some part of a commission. But since he was a salaried employee heading Waguespack, Pratt Management, Inc., he must show what the agreement was as regards compensation in addition to his salary. The only agreements we find concern the 4 leases in dispute in Poydras Plaza and 2 *23 leases in Westside Shopping Center. Since the commission due on the Beaux & Belle lease has been paid, plaintiff is entitled to the commission on the Cloth World extension only.

Interest on Judgment

Defendant argues in its brief that because of the undue delays in this judicial proceeding they should not be held liable for the payment of interest from the date of judicial demand. Interest is governed by La.C.C. 1938.[2] We find no grounds for exception in the law as a result of a lengthy judicial proceeding. It is indeed unfortunate that this suit was so drawn out, but we cannot find other than that plaintiff is entitled to interest on his judgment at least from the date of judicial demand.
For the above stated reasons we amend the judgment of the trial court naming Waguespack, Pratt, Inc., and Waguespack, Pratt Service and Development Company, Inc., as the parties cast in judgment to reflect that Waguespack, Pratt Management, Inc., is the proper defendant corporation. We affirm the judgment awarding the plaintiff the sums of $750.00 (Roger Johns); $1,283.75 (Georgie Porgie); $360.00 (Regency Coffee); $112.50 (Royal Antiques); and $4,049.80 (Cloth World of La., Inc.). In all other respects the judgment of the trial court is reversed. The costs of this appeal to be borne equally between the parties.
AFFIRMED IN PART; AMENDED IN PART, AND REVERSED IN PART.
ON APPLICATION FOR REHEARING
The plaintiff, Russell Palmer, in his application for rehearing, questions the silence of this Court’s judgment regarding his entitlement to commissions generated by the exercise of any options and/or renewals on the following leases:
Roger Johns
Regency Coffee (Copy)
Royal Antiques
Cloth World of Louisiana
Under the rationale expressed in Tinney v. W.J. Tessier Realtor, 447 So.2d 1099 (La.App. 4th Cir.1984), we are of the opinion that the plaintiff would be entitled to future commissions generated by the exercise of any option and/or renewals on the leases enumerated above.

. Art. 1901. Binding effect of agreements between parties.
Agreements legally entered into have the effect of laws on those who have formed them.
They cannot be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
They must be performed with good faith.

. Time from which legal interest is due
All debts shall bear interest at the rate of twelve percent per annum from the time they become due, unless otherwise stipulated.