617 So.2d 877 (1993)
Beverly J. THOMAS
v.
HIGHLANDS INSURANCE COMPANY and Brown and Root USA, Inc.
No. 92-C-2177.
Supreme Court of Louisiana.
April 12, 1993.
Jeffrey H. Thomas, Donald G. Kelly, Kelly, Townsend & Thomas, Natchitoches, for applicant.
Alexander S. Lyons, Mayer, Smith, & Roberts, Shreveport, for respondent.
CALOGERO, Chief Justice.[*]
In this worker's compensation case, the district court rendered a judgment in favor of the injured worker and against the defendants after concluding that the plaintiff suffered a severe injury to his left foot and ankle when he dropped a steel plate weighing approximately 450 pounds on it. The parties did not dispute the injuries to the plaintiff's foot; however, they disagreed as *878 to whether the accident caused injury to the plaintiff's ankle. After considering the demeanor and credibility of the witnesses and after evaluating the nature of the injury in this case, the trial court concluded that the plaintiff's ankle injury was attributable to the accident. Accordingly, the trial court entered judgment in favor of the plaintiff and against the defendants for all unpaid past medical expenses with legal interest and reasonable attorney fees of $3,000.00. The trial judge also ordered the defendants to provide a letter of guarantee to the plaintiff's treating physician for recommended ligament surgery and related rehabilitation.
Defendants' appealed and the court of appeal reversed the trial court's judgment, finding that the district court erred in its factual findings. We granted this writ, as we did in another case rendered this day,[1] to decide whether the Court of Appeal misapplied the appropriate standard of review when it found that the trial court was clearly wrong or manifestly erroneous in its conclusion that the plaintiff's ankle injury was attributable to the accident.
For the same reasons assigned in Stobart, but based upon the record in this case, we conclude that the court of appeal in this case misapplied the appellate standard of review of fact.
Moreover, we reject the defendants' assertion that Louisiana Revised Statute § 23:1291 implicitly overrules the jurisprudence decided under the prior law concerning letters of guarantee. This court recognizes that the an award for an injured employee's medical bills cannot occur until the expenses are actually incurred. Wilson v. EBASCO Services, Inc., 393 So.2d 1248 (La.1981) ("A workmen's compensation claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is reserved to her."). The court reasoned:
The rule applies to an award of medical expenses, not a judicial determination that the employer will be liable for the expense of future medical treatment. In many hospitals admittance is contingent upon the patient's ability to pay. The refusal of an employer or insurer to guarantee payment for necessary treatment effectively denies admittance to the patient. If an employee cannot gain admittance for treatment, no expenses will be incurred ... The humanitarian purposes of the workers' compensation act are not served by keeping an injured employee out of a hospital with such revolving door logic.
Defendants contend that when the workers' compensation act was amended the letter of guarantee rule was implicitly overruled by Louisiana Revised Statute § 23:1291 which authorized the Office of Workers' Compensation to adopt standards of review of all medical and non-medical services to injured employees. Defendants explain that pursuant to this statutory requirement, the Office of Workers' Compensation adopted utilization procedures which require health-care providers to obtain pre-admission certification prior to rendering services.
This Court does not favor legislative repeals by implication. State v. Randall, 219 La. 578, 53 So.2d 689 (1951). In determining whether a statute implicitly repeals existing law, this court has consistently relied upon "those well established principles of law, reiterated in State v. Standard Oil Co. of La., 188 La. 978, 178 So. 601, 626 (1937), that `repeals by implication are not favored and will not be indulged if there is any other reasonable construction ...' ... that prior laws are repealed by subsequent laws only in case of positive enactment or clear repugnancy ...; that nothing short of irreconcilable conflict between two statutes works a repeal by implication ...; that where a statute is ambiguous and susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the Legislature intended such exceptions *879 to its language as would avoid its leading to injustice, oppression, or absurd consequences." Id.
In the present case, the statute did not specifically overrule the jurisprudentially created rule which permits the trial court to order the defendant to provide a letter of guarantee to the plaintiff in certain cases. Likewise, the statute does not create an irreconcilable conflict with this jurisprudential rule.
We conclude that the statute and the letter of guarantee rule can operate in tandem. We believe that a health care provider may be more inclined to provide an injured worker who possesses a letter of guarantee, with services, than one who does not; albeit, the provider must obtain pre-admission certification. Our determination is premised on the belief that a letter of credit may facilitate a plaintiff's ability to procure a health care provider who is willing to obtain the necessary certification.
REVERSED; DISTRICT COURT JUDGMENT REINSTATED.
HALL, J., concurs.
ORTIQUE, J., concurs with reasons.
LEMMON, J., dissents and assigns reasons.
ORTIQUE, Justice, concurring.
I concur with the majority opinion. However, in my view it is imperative that the standard of appellate review be restated in order to encourage the observance rather than the breach thereof. Article 5 § 10(B) of the Louisiana Constitution gives Courts of Appeal full and complete jurisdiction to review facts in civil proceedings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, where there is conflicting evidence, the trier of fact's reasonable evaluation of one set of witnesses as credible and the rejection of testimony of an opposing set of witnesses, court should not be disturbed by an appellate court. Billiot v. Bourg, 338 So.2d 1148 (La.1976). If the issue presented is purely one of fact, the trial judge's disposition and conclusion should not be disturbed in the absence of manifest error. Second Church of Christ, Scientist v. Spencer, 230 La. 432, 88 So.2d 810 (1956).
Many appellate court decisions have followed the pronouncements of this court with respect to the appropriate standard of appellate review. See e.g. Shapar, Inc. v. Cliff's Wholesale Pizza, 428 So.2d 1033 (La.Ct.App. 1st Cir.1983); Irvine v. Sentry Insurance Co., 415 So.2d 467 (La.Ct.App. 1st Cir.1982); Matter of Succession of Chaney, 413 So.2d 936 (La.Ct.App. 1st Cir. 1982); Oncale v. Clement, 411 So.2d 543 (La.Ct.App. 1st Cir.1982); Armstrong v. State Farm Fire & Casualty Co., 423 So.2d 79 (La.Ct.App. 1st Cir.1982) and White v. Johns-Manville Sales Corporation, 416 So.2d 327 (La.Ct.App. 5th Cir. 1982). These cases hold that after reviewing the record, if the trial court was neither clearly wrong nor committed manifest error in its factual findings, an appellate court reversal with respect to the facts is not warranted.
In this case the trial court found that plaintiff's ankle injury resulted from an accident in which a steel plate weighing approximately 450 pounds fell on plaintiff's foot. The record reflects that there was medical evidence showing that the ankle injury might not be a result of the accident in which plaintiff injured his foot.[1] Having heard this contradictory evidence, the trial court assessed the credibility of the experts and determined the evidence he found most credible and realistic; this determination should not have been disturbed by the Court of Appeal. Pizzeck v. Executone Systems co. of Louisiana, Inc., 411 So.2d 1202 (La.Ct.App. 4th Cir.1982), writ denied, 415 So.2d 944 (La.1982). "[I]t is the duty of a trial judge in worker's compensation cases to evaluate the testimony of all witnesses, both lay and medical; and after making such an evaluation he may accept or reject an opinion expressed by any medical expert depending upon how impressed he is with qualifications, credibility and testimony *880 of that expert." Victoriana v. Orleans Parish Sch. Bd., 346 So.2d 271, 273 (La.Ct.App. 4th Cir.1977).
Clearly, the trial court followed clearly established jurisprudential authority in finding that plaintiff's ankle injury occurred as a result of the accident which caused an injury to plaintiff's foot; however, the Court of Appeal clearly erred in deviating from the established principal providing for reversal of a trial court's factual findings only where the trial court is clearly wrong or committed manifest error.
LEMMON, Justice, dissenting.
Because the treating physician opined that the March accident to the mid-foot did not cause plaintiff's injury, the orthopedic specialist concluded the ankle injury more probably than not was not the result of the March accident, and plaintiff reported to the third testifying doctor that he injured his ankle in a fall from a ladder in December, the appellate court was justified in holding that the trial court committed manifest error in relating the ankle injury to the March incident. The medical evidence, along with the fact that plaintiff did not miss any work or complain of ankle pain until after the December fall from the ladder, simply does not support the causation finding by the trial judge.
NOTES
[*] Kimball, J., not on panel. For the procedure employed in assigning cases after January 1, 1993 to rotating panels of seven justices, see State v. Barras, 615 So.2d 285, 286 n. 1 (La. 1993).
[1] Shirley Stobart v. State of Louisiana, Through Department of Transportation and Development, 617 So.2d 880 (La.1993).
[1] See dissent of Lemmon, J.