Dear Senator Dardenne:
You requested an opinion from this office regarding the following:
 1. Whether sales of gasoline or fuel which are made at less than the retail cost as defined in the Unfair Sales Law constitute violations of both the Unfair Sales Law (La. R.S. 51:421 et seq.) and the Unfair Trade Law (La. R.S. 51:1401
et seq.); and
 2. Whether sales at delivered fuel costs [a phrase contained in La. R.S. 33:4862.6(A)(4)(c)(iv) enacted as Act 13 of the Third Extraordinary Session of 1994] which are also below retail cost as defined in the Unfair Sales Law, constitute violations of both the Unfair Sales Law and the Unfair Trade Law.
My answer is in the affirmative for both questions for reasons which follow.
The Unfair Sales Law at La. R.S. 51:422(A) clearly provides that the sale of any merchandise, either by retailers or wholesalers, at less than cost as defined by this Sub-part plus any applicable taxes, which has the effect of unfairly diverting trade from a competitor or impairing fair competition and thus injuring public welfare, is unfair competition and contrary to andviolative of public policy. (Emphasis supplied). Retail cost as defined by this Sub-part means the invoice cost, less trade discounts plus freight, cartage and a six per cent markup after adding freight and cartage. La. R.S. 51:421(F).
The constitutionality of the Unfair Sales Act was litigated early on, and the Act was declared constitutional by the Louisiana
Supreme Court. See Louisiana Wholesale DistributorsAss'n v. Rosenzweig, 214 La. 1, 36 So.2d 403 (La. 1948). The Unfair Sales law appears to be Louisiana's version of the antitrust violation and unfair trade practice called predatory pricing.
Sales below cost defined in La. R.S. 51:421(F) are also declared to be unfair trade practices pursuant to Title 1, Section 3 of the Rules and Regulations of the Governor's Consumer Protection Division duly promulgated pursuant to La. R.S. 51:1405.
Thus, unequivocally, sales below retail cost defined at La. R.S.51:421(F) would constitute unfair competition violative of public policy and would be violations of La. R.S. 51:422(A), and unfair trade practices violative of La. R.S. 51:1405 and may also constitute a violation of the Louisiana Monopoly Law at 51:121 et seq. depending upon the individual facts.
In regard to your second question, sales at delivered fuel cost as referred to in the Video Draw Poker Devices Control Law at La. R.S. 33:4862.6(A)(4)(c)(iv) enacted as Act 13 of the Third Extraordinary Session of 1994, also, would unequivocally constitute violations of both the Unfair Sales Law and the Unfair Trade Law.
Among the stated purposes of the Video Draw Poker Devices Control Law are "to provide limits for the number of devices at truck stop facilities" and "to provide for the number of devices at truck stop facilities based on fuel sales." The provision you cite must be read in context with the entire Act and the section of the law in which it is contained.
Section 4862.6(A)(4)(a) defines qualified truck stop facilities which may be granted a license. The number of video draw poker devices placed at a qualified truck stop facility shall be based on the average monthly fuel sales of 100,000, 75,000 and 50,000 gallons of fuel. La. R.S. 33:4862.6(A)(4)(b).
On its face, La. R.S. 33:4862.6(A)(4)(c)(iv) merely states a formula for averaging fuel sales for individual vehicle consumption as required by Section 4862.6(A)(4)(b). The provisionstates that the fuel sales shall be averaged or calculated at delivered fuel cost and all fuel sales must correspond to monthly state sales tax reports, which require fuel sales to be reported at gross sales, not by number of gallons sold.
No language exists in the Act or its Title which would indicate any intent to repeal the Unfair Sales Act or the Unfair Trade Practices Act. Repeal by implication is not favored in statutory construction. Thomas v. Highlands Ins. Co.,617 So.2d 877 (La. 1993); State v. Randall, 219 La. 578,53 So.2d 689 (1951).
Thus, La. R.S. 33:4862.6(A)(4)(c)(iv) of the Video Poker Act should be interpreted as a formula for averaging fuel sales. Any contradictory interpretation would lead to injustice and oppression.
Trusting this to be of sufficient information, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JANE BISHOP JOHNSON Assistant Attorney General