Dear Ms. Adams:
Your request for an Attorney General's opinion has been assigned to me for research and reply. Your letter states:
 In the past several years, the City of New Iberia has annexed property into the city.
 Recently, it has come to my attention that there may be a specific provision of the law concerning joint jurisdiction between the City Court of New Iberia and the justices of the peace and constables in the area annexed.
 Does the law on the City Court of New Iberia provide that there are instances where a voter may vote on both the city court offices and the justice of the peace and constable?
LSA-R.S. 13:1952, provides in pertinent part:
 The following city courts, heretofore created and established by special legislative Act, are hereby recognized and continued in existence and, except as otherwise provided in this Section, their territorial jurisdiction shall extend through the city and ward or wards wherein the city in which they are domiciled is located, as extended from time to time:
 * * *
 (18) The City Court of New Iberia, domiciled in the city of New Iberia, parish of Iberia, having one city judge and a city marshal. The territorial jurisdiction of the court shall extend over all territory within Iberia Parish which is now or hereafter included within the corporate limits of the city of New Iberia. Wherever the corporate limits of the city of New Iberia extend or hereafter extend into a justice of the peace ward, the city court shall have jurisdiction within the portion of the justice of the peace ward included within said corporate limits concurrent with that of the justice of the peace in those cases in which the said justice of the peace would have jurisdiction, and that portion of the justice of the peace ward not included within the said corporate limits shall remain under the jurisdiction of the justice of the peace.
Additionally, R.S. 13:1872 provides in pertinent part:
 A. (1) In all wards where city courts exist and in wards containing cities of more than five thousand inhabitants, except in the city of Donaldsonville, the voters thereof shall elect a city judge, upon whose election the jurisdiction of justice of the peace and constable in that portion of the ward or wards in which the city is contained shall cease; . . .".
These two statues are conflicting, with R.S. 13:1952(18) providing for concurrent jurisdiction, and R.S. 13:1872 providing for the jurisdiction of the justice of the peace court to cease. In researching the history of these laws, we found that Act 32 of 1960 continued into law R.S. 13:1872
and section 1952(18), containing only the first sentence thereof, each reading as follows:
 [R.S. 13:1872, Louisiana Acts 1960, No. 32]
 A. In all wards where city courts exist and in wards containing cities of more than 5,000 inhabitants, the voters thereof shall elect a city judge upon whose election the offices of justice of the peace and constable in the ward or wards in which the city in contained shall be abolished ipso facto. (Emphasis added).
 [R.S. 13:1952(18), Louisiana Acts 1960, No. 32]
 The following city courts, heretofore created and established by special legislative Act, are hereby recognized and continued in existence and, except as otherwise provided in this Section, their territorial jurisdiction shall extend through the city and ward or wards wherein the city in which they are domiciled is located, as extended from time to time:
 * * *
 (18) The City Court of New Iberia, domiciled in the city of New Iberia, parish of Iberia, having one city judge and a city marshal;
Thus, the city court in the City of New Iberia had been recognized and continued in 1960, and the offices of justice of the peace and constable were to be abolished ipso facto upon the annexation of the ward of the justice of the peace court.
In 1972, Act 34 added the second and third sentences of R.S. 13:1952(18), giving concurrent jurisdiction to the justice of the peace and city court in the City of New Iberia in that portion of the justice of the peace ward, wherein the justice of the peace would have jurisdiction under the law. Although this 1972 act conflicted with the general law of R.S.13:1872(A), it was the latest expression of legislative will.
Thereafter however, Act 577 of 1980 amended R.S. 13:1872(A), changing the language stating, "the offices of justice of the peace and constable" to "the jurisdiction of justice of the peace and constable in that portion of the ward" and changing the language stating, "shall be abolished ipso facto" to "shall cease". The 1980 act further provided in Section 3 as follows: "All laws or parts of law in conflict herewith are hereby repealed."
The principles of law with regard repealing laws is that "`[r]epeals by implication are not favored and will not be indulged if there is any other reasonable construction' that prior laws are repealed by subsequentlaws only in case of positive enactment or clear repugnancy; that nothing short of irreconcilable conflict between two statues works a repeal by implication; that where a statute is ambiguous and susceptible of two construction, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for its is to be presumed that the legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences.'" Thomas v. Highlands Insurance Company and Brown and RootUSA, Inc., 617 So.2d 877, 878-879 (La. 1993) (Emphasis added). Additionally, with regard to special laws versus general laws, the principle of law is that "[A] special law is not repealed by a general law `unless the intent to repeal is clear and unmistakable'." CaliforniaCo. v. City of New Orleans, 60 So.2d 103 (La.App. 1 Cir. 1952).
It is our opinion that the prior law of Louisiana Acts 1972, No. 34, amending R.S. 13:1952(18) was repealed by the subsequent law of Louisiana Acts 1980, No. 577, amending R.S. 13:1872(A) by providing clearly and unequivocally in Section 3, "All laws or parts of law in conflict herewith are hereby repealed." If the legislature wanted to except the City of New Iberia from this repealing clause it could have done so in the repealing clause or in the law itself, as was done for the City of Donaldsonville [R.S. 13:1872(A)].
Our research also included a review of the committee minutes on Louisiana Acts 1980, No. 577. The minutes reflect that the author of the bill intended the bill to provide for the "[d]iminution of the territorial jurisdiction of the justice of the peace and constable in wards in which the city is contained to let the city judge have his jurisdiction within the city limits and the justice of the peace have it outside of the city limits." Minutes, House Committee on the Judiciary, June 2, 1980. These minutes further support the clear intent of the repealing clause of Section 3 of the 1980 act.
It is important to note that you confirmed to us that the prior practice of the registrar's office has been to no longer allow a voter who has been annexed into the city to vote for the office of justice of the peace, but to only vote on the office of city judge. This practice is consistent with the present law.
In answer to your jurisdictional question, it is our opinion that the City Court of New Iberia does not have concurrent jurisdiction with the justice of the peace court in that portion of the justice of the peace ward which has been annexed into the city's boundaries. However, the extension of the city's boundaries by way of annexation must be approved by the United States Department of Justice under Section 5 of the Voting Rights Act for the specific purpose of expanding the jurisdiction of the city court before same can be implemented. See, Atty.Gen.Op. No. 98-344 enclosed herein for an in-depth explanation.
In answer to your election question, it is clear that R.S. 13:1872
provides for the election of the city court judge by those voters within the city's boundaries, provided the necessary approval has been received from the Justice Department, as stated above. The election of the justices of the peace and constables includes those qualified voters within the territorial limits of the jurisdiction of the justice of the peace court. R.S. 13:2582(B) and 2583(B). Since it is our opinion that the justice of the peace does not share jurisdiction with the city court in the City of New Iberia, it is our opinion that they do not share voters. Thus, the voters in the city's boundaries which have been extended into the justice of the peace ward will vote only on the city court offices. Likewise, the voters outside of the city's boundaries, but within the justice of the peace ward will vote only on the offices of justice of the peace and constable.
Again, our opinion is written under the assumption that the City of New Iberia has obtained the approval of the U.S. Department of Justice under Section 5 of the Voting Rights Act, not only for the city's purposes but also for the city court's purposes.
We hope this opinion answers all of your questions, but if we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Enclosure
Cc: City of New Iberia City Court of New Iberia Justices of the Peace, New Iberia Elsie Cangelosi, Dept. of Elections and Registration